DELAWARE, L. & W. R. CO. et al. v. SYRACUSE, L. & B. RY. CO. et al.

(Supreme Court, Appellate Division, Fourth Department. October 13, 1899.)

INJUNCTION—DISSOLUTION—BOND—DISCRETION—REVIEW.

> Under Code Civ. Proc. § 629, which provides that on application to vacate an injunction the court may, where the wrong or injury enjoined is not irreparable, and is capable of pecuniary compensation, dissolve the injunction, on execution of bond by defendant in such amount and form as the court shall direct, conditioned to indemnify plaintiff for any loss sustained by such vacation, the appellate division will not interfere with the exercise of discretion by the special term in vacating an injunction on filing of bond by defendant, where it does not appear from the facts found in the appeal book that it will work irreparable injury to plaintiffs, or cause a multiplicity of suits.

Appeal from special term, Onondaga county.

Action by the Delaware, Lackawanna & Western Railroad Company and another against the Syracuse, Lakeside & Baldwinsville Railway Company and others. From an order vacating an injunction (59 N. Y. Supp. 1035), plaintiffs appealed. Affirmed.

As a condition of vacating the injunction, the defendant was required to enter into an indemnity to pay the plaintiff any damages or compensation, under sections 12 and 90 of the railroad law, that it should be finally declared the plaintiff was entitled to, and that it would, within a reasonable time, take the proper steps to have such compensation fixed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

W. S. Jenney, for appellants.
William Nottingham, for respondents.

HARDIN, P. J. The general features of the complaint are denied by the defendants' answer. The special term availed itself of the provision found in section 629 of the Code of Civil Procedure, which is to the effect that upon an application to dissolve or modify an injunction the court may, in its discretion, require, as a condition of the dissolution of the injunction, an undertaking to be given. In accordance with the provisions of that section, the special term required, as a condition, that the defendant should execute an indemnity in the sum of $5,000. The railroad commissioners heard the application made by the parties to determine whether the crossing of the plaintiffs' road should be at grade, under grade, or over grade, before this action was commenced. From the facts found in the ap-

peal book, we are unable to say that the action complained of by the plaintiffs will work irreparable injury to the plaintiffs, or cause a multiplicity of suits. We think the special term was warranted in exercising its discretion, upon all the facts and circumstances disclosed by the record, and its conclusion to vacate the injunction upon condition that the undertaking be given was a judicial discretion, which we ought not to interfere with. We therefore sustain its order.

It may be observed that some of the questions raised by the learned counsel for the appellants can more appropriately be determined when the action is brought to trial than at this time upon affidavits which are, to some extent, conflicting. We think the order of the special term should be sustained.

Order affirmed, with $10 costs and disbursements. All concur, except SMITH, J., not voting.